# STAPLES *v.* STAPLES (2).

### EQUITY; DIVORCE; ADULTERY; EVIDENCE.

1. A decree granting a husband an absolute divorce on the ground of his wife's adultery, and taxing the costs and counsel fees against the co-respondent named in the suit, was affirmed, it appearing that the testimony was sufficient to support the ruling of the lower court.

2. Remarks made by the lower court in a divorce suit to the effect that the co-respondent was the same person who had been named in a former suit between the same parties as co-respondent are not sufficient to indicate that the court based its decree granting a divorce to the husband for the adultery of his wife with such co-respondent upon testimony given at the trial of the former suit.

No. 2745.　Submitted January 4, 1915.　Decided February 1, 1915.

HEARING on an appeal by the defendants, a wife and co-respondent, from a decree of the Supreme Court of the District of Columbia, holding an equity court, granting the plaintiff an absolute divorce from his wife, and requiring the co-respondent to pay the costs of suit and counsel fees to the plaintiff's attorney.　　　　　　　　　*Affirmed.*

The COURT in the opinion stated the facts as follows:

This suit was filed February 7, 1914, by Charles W. Staples against Mary Margaret Staples and Edward J. Hoffmeister, as co-respondent.

It asks an absolute divorce, charging acts of adultery committed by defendant and the co-respondent on divers and sundry occasions during July, August, September, and October, 1913.

The parties are the same as in appeal Number 2663, recently decided [*ante,* 156].

Both defendants denied the allegations of the bill. Testimony was taken in open court tending to show that co-respondent Hoffmeister was foreman of a laundry owned by William B. Long, situated at 1300 Eleventh street southeast, from July 1st to November 13, 1913. During the time he had a bed on the second floor on the southwest corner, facing Eleventh street, which was curtained off from the main room, in which he slept. At Hoffmeister's suggestion, Long employed Mrs. Staples as an occasional assistant in the laundry, engaged in marking and ironing clothes. She had been employed not more than a half dozen time for work in the afternoon. Other testimony tended to show that Mrs. Staples came to the laundry three or four times a week during the entire time that Hoffmeister was there. That she was admitted by Hoffmeister, who would go across the street after her arrival and return with mugs of beer. She was seen at the window of the room occupied by Hoffmeister one night about 12 o'clock. There was no one else in the building and no work was going on.

Defendants both denied the charges of misconduct.

The court, after hearing the testimony, stated: "I have no doubt about this woman having committed adultery with this man night after night there." And thereupon entered a decree for the plaintiff of absolute divorce. The costs of suit and counsel fee, to be paid by the plaintiff for the defendant, to wit, $50, were taxed against the codefendant, Hoffmeister.

The defendants appealed and assigned for error that the court erred in finding as a fact that the allegations of the bill

had been proven. Second. That the court erred in holding that there was sufficient testimony to warrant the court in signing a decree granting to the plaintiff an absolute divorce. Third. That the court erred in considering the testimony given at the trial of another case in determining the rights of the parties in this case.

*Mr. W. G. Gardiner* and *Mr. Blaine Coppinger* for the appellants.

*Mr. Webster Ballinger* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

We find no foundation for the first and second assignments of error.

The court, who heard all the witnesses in the case, found as a fact that the allegations of the bill had been proved. The testimony was sufficient.

The third assignment of error is founded on the remarks of the court to the effect that the co-respondent was the same person who had been charged in the former suit as co-respondent. This was a fact which the court, who heard the plaintiff's bill of review, the decree in which was affirmed in Number 2663 [*ante,* 156.], knew as a fact that Hoffmeister had been the co-respondent in that case. Further than this it does not appear that the court considered the testimony in the former case. The court did not base its decree upon any evidence in the former case. The reference to the identity of the parties in the two cases had nothing to do with the findings of the court.

The decree must be affirmed, with costs.          *Affirmed.*